**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| TAJ C. TURNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-645 |
| | § | |
| GLOBAL INDUSTRIES OFFSHORE, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING DEFENDANT GLOBAL INDUSTRIES OFFSHORE, L.L.C.'S
MOTION TO TRANSFER VENUE**

This case arises out of personal injuries sustained by Taj C. Turner ("Plaintiff") while aboard the PIPELINER 5, a vessel allegedly owned and operated by Defendant Global Industries Offshore, L.L.C. ("Defendant"). Now before the Court is Defendant's Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.[1]

**I. Background**

Plaintiff claims that he was injured on or about November 7, 2005, while assisting in the transfer of pipe to a pipe rack aboard the PIPELINER 5.  At the time of the alleged accident, Plaintiff was employed by Marsianin, L.L.C.  Plaintiff is a resident of Houma, Louisiana.  Defendant is a Louisiana corporation, and its principal place of business is in Carlyss, Louisiana.  Defendant is a subsidiary of Global Industries, Ltd., which has offices in Houston, Texas, located within this District.

---

[1]The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

**II.  Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT & T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III.  Analysis**

*1.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.,* 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND

PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825)."The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that most of the key witnesses reside in Louisiana, and that the transfer of this case to Louisiana would substantially increase the availability and convenience of key witnesses. In support of this argument, Defendant identified two groups of witnesses: (1) accident witnesses, and (2) Plaintiff's initial treating physicians. All but one of the eye-witnesses to Plaintiff's accident are residents of Louisiana.[2]  All of the accident witnesses are within Defendant's employ, and their attendance at trial may be compelled.  *See Lajaunie v. L & M Bo-Truc Rental, Inc.,* 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Therefore, their availability and convenience is given little weight.  On the other hand, the physicians that treated Plaintiff immediately following the alleged accident, including the emergency medical technicians and post-accident physical therapist, are residents of Louisiana. Their attendance at trial cannot be compelled by Defendant, and they are beyond the subpoena power of this Court. Although physicians routinely appear at trial through deposition, which can be presented conveniently anywhere, their availability and convenience weighs legitimately in the Court's analysis.

In Response, Plaintiff argues that his current treating physician and expert economist reside within this District. As retained experts, Plaintiff can compel both his physician and his economist to attend trial, thus, their availability and convenience are given relatively less weight. Plaintiff also

---

[2] One of the eye-witnesses is a resident of Utica, Mississippi.

argues that Defendant's parent company, Global Industries, Ltd., has offices in Houston, Texas, and conducts substantial business there.  Global Industries, Ltd. is not a named defendant in this lawsuit, and its locations of business will not be taken into consideration.

Defendant has shown that the availability and convenience of key witnesses would be slightly increased if this case were transferred to the Eastern District of Louisiana.  This factor supports transfer.

### 2.  Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter,* 979 F. Supp. 1105, 1108 (S.D. Tex. 1997).  Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.* In this case, the connection to Louisiana is legitimate,  Additionally, Plaintiff is a resident of Louisiana.  It is reasonable to infer that the expenses of trial will be lessened if trial is held in New Orleans, Louisiana, rather than Galveston, Texas. This factor supports transfer.

### 3.  Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Neither side has given the Court any indication that these records are so voluminous that it would incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

### 4.  Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference. However, Plaintiff's choice of forum is entitled to less deference when he does not reside within this Division or even this District. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the

Southern District of Texas was entitled to little or no deference where the case had no connection to

the forum). Plaintiff is a resident of Houma, Louisiana.  While this case has some connection to this

District due to the fact that Defendant does business in Texas and Plaintiff's experts reside in

Houston, this is not enough of a connection to give any substantial weight to Plaintiff's choice of

forum. This factor weighs neither for nor against transfer.

### 5.  Place of Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations.

*See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp.

at 1106.  The alleged wrong in this case took place offshore Louisiana on the Outer Continental Shelf.

This case has absolutely no connection to Galveston, Texas, and the residents of this Division have

little if any interest in the outcome of this litigation. On the other hand, the residents of Louisiana

most likely have a significant interest in the outcome of this lawsuit.  This factor supports transfer.

### 6.  Potential for Delay or Prejudice

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this

stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe*

*Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of

'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such

circumstances are established by clear and convincing evidence."). This case is set for trial on August,

21, 2006, less than three months away.  A transfer at this relatively late stage in the proceedings

would work a significant hardship on Plaintiff, who would be forced to move to the end of the line

in the transferee court.  This factor supports retention, and outweighs all of the other factors

supporting transfer.

**IV. Conclusion**

After careful examination of the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that because trial is less than three months away, transfer at this late stage would significantly prejudice Plaintiff.  Therefore, for that reason and those outlined above, Defendant's Motion to Transfer Venue is respectfully **DENIED**.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 6th day of June, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge

6